<hr />

## H. T. MABRY *v.* J. L. TALLY.

The Act of 1839, amending Article 275 of the Code of Practice, which establishes the cases in which a sequestration may be ordered, forms part and parcel of that Article, and the legal effect of the amendment is the same as if the Article were reenacted, with the words of the amendatory Act inserted in its text.

The decision in the case of *Wells* v. *St. Dizier* re-affirmed, to the effect that, an affidavit for a sequestration embracing several of the alternatives of Article 275 of the Code of Practice, as amended, is sufficient in law.

The addition, in such an affidavit, of another of the legal alternatives contained in the Article, will not vary the principle.

APPEAL from the District Court of the Parish of Rapides, *Cullom, J.*
*T. C. Manning,* for plaintiff and appellant.     *Hyman & Cazabat,* for defendant.

BUCHANAN, J. This is an appeal from an interlocutory judgment of dismissal of a writ of sequestration, upon grounds which are identical with those in the case of *Wells* v. *St. Dizier*, 9 An. 119.

Upon the authority of that case, the affidavit for sequestration in the present one must be held sufficient in law. It will be remarked, that although there was a division of opinion among the Judges in *Wells* v. *St. Dizier*, upon a question of admissibility of evidence, there was none in relation to the sufficiency of the affidavit for sequestration.

Judgment reversed; writ of sequestration reinstated, and cause remanded for further proceedings; defendant and appellee to pay costs of appeal.

---

## SAME CASE—ON A RE-HEARING.

BUCHANAN, J. Defendant's petition for re-hearing admits that the decision herein rendered would be correct, were the affidavit for sequestration here the same as that in the case of *Wells* v. *St. Dizier*, 9 An. 119, upon the authority of which the present case was decided.

But he distinguishes between the two cases, because the affidavit in the present case contains an alternative not presented by that in *Wells* v. *St. Dizier*, to-wit: *that defendant will send the property claimed out of the jurisdiction of the court, pending the suit.*

The difference then consists, in the present affidavit being more comprehensive than that in *Wells* v. *St. Dizier*. That affidavit embraced the three alternatives of the Act of 20th March, 1839, amending Article 275 of the Code of Practice. The present affidavit embraces those three alternatives, and, in addition, one of those which are expressed in the original Article 275 of the Code, as a good basis for sequestration.

Now, the Act of 20th March, 1839, says, that Article 275 should be so amended that, *in addition to the cases therein mentioned*, a sequestration may be ordered in three other cases specified. The argument of counsel is, that the affidavit now made is neither an affidavit under Article 275, nor yet an affidavit under the Act of 20th March, 1839.

In our judgment, the Act of 1839 is part and parcel of the Article 275; and the legal effect of the amendment is the same as if the Article were reënacted, with the words of the amendatory Act inserted in its text.

The sufficiency of an affidavit for a sequestration, embracing several of the alternatives of Article 275, as amended, was settled affirmatively in the case of *Wells* v. *St. Dizier*. That decision seems to have overruled the case of *Ranaldson* v. *Hamilton*, 5 An. 204. The addition, in this affidavit, of another of the legal alternatives in the Article contained, does not vary the principle, nor make this case different from *Wells* v. *St. Dizier*. This affidavit contains all that was contained in that one, and something more.

We are aware that there are other decisions, besides that of *Ranaldson* v. *Hamilton*, which are inconsistent with the decision in *Wells* v. *St. Dizier;* but we prefer to abide by the doctrine of the last named case, as being, in our opinion, more in conformity to the letter of the Code of Practice.

Re-hearing refused.